**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AQP LIQUIDATING, INC., | ) | Case No.  07 B 03227 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| Q-RAY COMPANY, | ) | Case No.  07 B 03228 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| QUE T. PARK, | ) | Case No.  07 B 03217 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**FINAL APPLICATION OF JENNER & BLOCK LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE TRUSTEE FOR
THE PERIOD NOVEMBER 1, 2009 THROUGH DECEMBER 21, 2010**

Catherine Steege, not individually but as chapter 7 trustee (the "Trustee") for AQP Liquidating, Inc., Q-Ray Company and Que T. Park (the "Debtors"), pursuant to 11 U.S.C. §§ 327, 330 and 331, the *Order Authorizing Trustee to Employ and Retain Jenner & Block LLP as Attorneys Pursuant to 11 U.S.C. § 327(a)* and the *Order Granting Motion of the Chapter 7 Trustee to Continue Retention Orders for Professionals Retained by the Trustee in the Chapter 11 Cases*, respectfully submits this application (the "Final Application") for (a) allowance of compensation in the amount of $90,303.00 for the actual, reasonable, and necessary legal services Jenner & Block LLP (the "Firm") rendered to the Trustee from November 1, 2009 through December 21, 2010 (the "Fee Period") and reimbursement of the actual, reasonable and necessary expenses that the Firm incurred in the amount of $2,557.73 during the Fee Period, and

(b) final approval of the fees and expenses approved by the Court on an interim basis during this case, and states:

## BACKGROUND

1.  On February 23, 2007, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code.

2.  On June 19, 2007, the Court entered orders authorizing the appointment of the Trustee as chapter 11 trustee for each Debtor.

3.  On June 26, 2007, the Court entered orders authorizing the Trustee to retain the Firm as counsel.

4.  On April 1, 2008, the Firm filed the First Interim Fee Application (AQP Doc. No. 194). On April 23, 2008, this Court entered an Order granting the First Interim Fee Application on an interim basis and awarding the Firm fees in the amount of $263,823.00 and expenses in the amount of $14,083.26 (AQP Doc. No. 204).

5.  On September 30, 2008, the Court entered orders converting each of the cases to cases under chapter 7. The Trustee was reappointed as Trustee for each of the Debtors. On November 25, 2008, the Court entered an Order authorizing the Trustee as chapter 7 trustee to employ the Firm as counsel effective as of September 30, 2008.

6.  On October 20, 2008, the Firm filed the Second Interim Fee Application (AQP Doc. No. 241.) On December 16, 2008, this Court entered an Order granting the Second Interim Fee Application on an interim basis and awarding the Firm fees in the amount of $124,756.50 and expenses in the amount of $12,118.57 (AQP Doc. No. 254).

7.  On July 27, 2009, the Firm filed the Third Interim Fee Application (AQP Doc. No. 282). On August 18, 2009, this Court entered an Order granting the Third Interim Fee

Application on an interim basis and awarding the Firm fees in the amount of $222,730.50 and expenses in the amount of $8,531.10 (AQP Doc. No. 288).

8. On November 23, 2009, the Firm filed the Fourth Interim Fee Application (Doc. No. 300). On December 15, 2009, this Court entered an Order granting the Fourth Interim Fee Application on an interim basis and awarding the Firm fees in the amount of $55,815.50 and expenses in the amount of $1,202.37 (AQP Doc. No. 306).

9. The Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## RETENTION OF JENNER & BLOCK LLP

10. The Firm has represented the Trustee since June 19, 2007.

11. The Firm performed the services for which it seeks compensation on behalf of the Trustee and not on behalf of any other person.

12. Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## REASONABLE AND NECESSARY SERVICES
## RENDERED BY JENNER & BLOCK - GENERALLY

13. In the Fee Period, the Firm incurred fees in these cases in the total amount of $90,303.00. In the Fee Period, the Firm incurred expenses in the total amount of $2,557.73.

14. A schedule showing the name and position of each professional and paraprofessional, the hours worked during the Fee Period, and each person's hourly billing rate is provided at the front of this Fee Application.

15. The Firm's fees and costs were incurred as counsel to the Trustee. The Firm's fees were derived from the applicable hourly billing rates of the Firm's personnel who rendered such services. Attached hereto as Exhibit A is a detailed itemization and description of the services that the Firm rendered during the Fee Period. The chapter 7 case to which these fees relate is noted below. Based on the rates and the services performed, the reasonable value of such services is $90,303.00. The Firm's attorneys and paraprofessionals expended a total of 199.8 hours working on these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

16. In addition, Exhibit A hereto (a) identifies the individuals that rendered services in each matter, (b) describes each activity or service that each individual performed, and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual on each particular task.

### REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - CATEGORIZED BY MATTER

17. The primary professional services that the Firm rendered during the Fee Period are described in paragraphs eighteen through twenty-one below.

4

18. **Matter 47251-10053  Fee Petition (AQP Liquidating)**
    **(Current Fees:  $5,425.50, Hours: 12.4; Previously Allowed: $24,925.50)**

During the Fee Period, the Trustee prepared a fee application for her accountant and for Jenner & Block and attended the hearings on the same.  In addition, the Firm prepared its final fee application.

19. **Matter 47251-10070 Case Administration (Que T. Park)**
    **(Current Fees: $1,787.50, Hours:  6.5; Previously Allowed: $68,598.50)**

During the Fee Period, counsel and paraprofessionals for the Trustee reviewed the Debtors' pre-petition files to obtain documents necessary to file the Park estate returns.

20. **Matter 47251-10118  Avoidance Actions (Que T. Park and**
    **AQP Liquidating).**
    **(Current Fees: $32,909.5, Hours: 66.5; Previously Allowed:  $279,319.50)**

The Trustee filed and prosecuted twelve adversary proceedings.  All adversary proceedings are now closed.  During the Fee Period, the Trustee reached a settlement in the adversary proceedings brought by the Trustee in the AQP Liquidating and Que T. Park cases against Defendant Ungaretti & Harris.  As a result of this settlement, the Trustee recovered $400,000 from Ungaretti & Harris for the benefit of the Debtors' estates and Ungaretti & Harris withdrew all of the proofs of claim it filed in the Debtors' cases.  The Trustee also reached a settlement in the adversary proceedings brought by the Trustee in the AQP Liquidating and Que T. Park cases against Defendants Bio-Ray, S.A. and Ignacio Alvarez.  Pursuant to that settlement, the Trustee recovered $100,000 from Bio-Ray, S.A. and Mr. Alvarez and all claims filed by those Defendants were withdrawn.  Finally, the Trustee reached a settlement in the adversary proceeding brought by the Trustee in the AQP Liquidating case against Defendant North Town Mechanical Contractors.  In that settlement, the Trustee recovered $9,000 for the benefit of the Debtors' estates and North Town Mechanical Contractors withdrew its proof of claim.

In connection with these adversary proceedings, the Firm has responded to motions to dismiss and a motion for leave to appeal, prepared pretrial statements, prepared and responded to discovery, prepared for trial and engaged in settlement negotiations.

21. **Matter 47251-10150 Claims (AQP Liquidating).**

**(Current Fees: $50,180.50, Hours: 119.8; Previously Allowed:  $2,661.00)**

During the Fee Period the Trustee analyzed the proofs of claim filed against the Debtors' estates and objected to numerous duplicative, satisfied, or disputed claims.  This Court entered several orders sustaining the Trustee's objections to claims.  The claims reconciliation process is now complete.

22. Because of the benefits realized by the Trustee, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, the Firm requests that it be allowed at this time compensation for professional services rendered during the Fee Period in the sum of $90,303.00.

## ACTUAL AND NECESSARY EXPENSES

23. The Firm has disbursed, and requests reimbursement of, the following sums for:

| | |
|---|---:|
| Certified Copy Fee | 8.00 |
| Court Reporter Charge | 61.00 |
| Filing Fee | 255.00 |
| In-City Transportation | 58.00 |
| Pacer Charges | 284.71 |
| Photocopy Expense | 1,295.89 |
| Postage Expense | 169.77 |
| Special Messenger Service | 6.50 |
| UPS | 30.27 |
| Westlaw Research | 362.69 |
| TOTAL DISBURSEMENTS | 2,557.73 |

A more detailed list of these expenses is part of Exhibit A hereto.

6

24.	It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

25.	The Firm only charges for overseas or out of the country long distance telephone calls.  It does not charge for facsimile transmissions.

26.	Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques.  The Firm bills each client for the Lexis and Westlaw charges actually incurred on behalf of such client.  The Firm does not prorate these charges over all clients so that each client is paying only for the Lexis and Westlaw charges incurred by that client.

27.	The Firm's standard charge for photocopies is $.10 per page.  The number of photocopies is recorded automatically when the person making the copies enters the appropriate account number into devices attached to the Firm's copy machines.

## **CONCLUSION**

27.	This Fee Application is the Firm's Final Fee Application and covers the period from the Firm's retention through the date it is filed.

WHEREFORE, the Firm respectfully requests that the Court (a) grant the Firm an allowance of final compensation for reasonable and necessary professional services incurred during the Fee Period as counsel to the Debtor in the sum of $90,303.00 and final allowance of the Firm's reasonable and necessary expenses in the amount of $2,557.73; (b) approve on a final

7

basis the fees and expenses previously awarded in the ruling on the First, Second, Third, and Fourth Interim Fee Applications; (c) order that such fees and expenses be payable as administrative expenses of the Debtor's bankruptcy estate, and (d) authorize the Debtor to pay the amounts allowed herein less payments previously made.

Dated: Chicago, Illinois
December 29, 2010

Respectfully submitted,

CATHERINE L. STEEGE, not individually but as Chapter 7 Trustee for AQP Liquidating, Inc., Q-Ray Company and Que T. Park

By: */s/ Catherine L. Steege*
One of its attorneys

Catherine L. Steege (ARDC #6183529)
Melissa H. Hinds (ARDC #6288246)
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Fax: (312) 527-0484